**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1702
_____

UNITED STATES OF AMERICA

v.

ALEX CORA,
            Appellant
_____

On Petition from the United States District Court
for the District of New Jersey
(D.C. No: 2:17-cr-00386-001)
District Judge: Honorable Jose L. Linares
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 14, 2018

Before: GREENAWAY, JR., BIBAS, and SCIRICA, *Circuit Judges*.

(Filed:  January 15, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

The guideline sentence for a felon in possession of a firearm assumes that a felon merely has a gun. So a longer sentence is reasonable for a felon who not only has a gun, but also fires it 11 times in broad daylight into a busy street across from a school. That is what Alex Cora did. So we will affirm the District Court's upward variance of seven months.

## I. BACKGROUND

### A. Facts

Cora is a convicted felon. In 1998, he was convicted of attempted murder in aid of racketeering and went to prison for a total of nine years.

By all accounts, Cora has done a remarkable job of turning his life around. While in prison, he took part in training programs and got his GED diploma as well as other educational certificates. Since leaving prison, he has developed a strong support network of family and friends. He has held steady jobs: he washed dishes, was a parking attendant, and for the last several years has worked as a barber. And he has given back to his community by donating school supplies, organizing food and coat drives, mentoring teenagers, and giving free haircuts to kids in need.

But one day, Cora argued with a neighbor about garbage in the barbershop's backyard. Later that day, the neighbor's son and his friend went to the barbershop and asked to speak with Cora outside. Once outside, the son's friend pulled out a gun and started shooting at Cora.

Cora pulled out his own gun and shot back. The men turned and fled, but Cora kept shooting. In total, he fired 11 shots. This all happened across the street from an elementary

2

school at 2:30 p.m. Luckily, no one was hit. But Cora endangered nearly a dozen people, including a child.

### B. Procedural history

Cora pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). His sentencing-guidelines range was 33 to 41 months. Both sides sought variances: Cora asked for a downward variance, while the prosecution requested a 19-month upward variance, to 60 months. Rather than go to either extreme, the District Court sentenced him to 48 months, varying upward by seven months. Cora now appeals, arguing that his sentence is substantively unreasonable.

The District Court had jurisdiction under 18 U.S.C. §3231. We have jurisdiction under 18 U.S.C. §3742(a). We review the sentence's reasonableness for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 45-46 (2007); *United States v. Tomko*, 562 F.3d 558, 561, 567 (3d Cir. 2009) (en banc).

## II. CORA'S SENTENCE IS REASONABLE

Cora raises no procedural errors. So we review only the sentence's substantive reasonableness. *Tomko*, 562 F.3d at 567.

"[T]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. §3553(a)." *Id.* at 568 (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). We look to "the totality of the circumstances," not to any one factor in isolation. *Id.* at 567. We defer to how the sentencing court applied and weighed the factors. *Id.* at 574. So "we will affirm

3

[the sentence] unless no reasonable sentencing court would have imposed the same sentence." *Id.* at 568.

Cora argues that his sentence is unreasonable because the District Court misapplied the first and sixth §3553(a) factors. We disagree.

**A. The District Court appropriately considered Cora's crime, history, and characteristics**

The first §3553(a) factor looks at "the nature and circumstances" of Cora's crime as well as Cora's "history and characteristics." 18 U.S.C. §3553(a)(1). The District Court considered these and found that Cora's crime showed a "disregard for human life," which justified an upward variance. App. 55. But it gave him "some credit for the good things that he did for the last 20 years." *Id.* at 56.

Cora challenges the reasonableness of these findings. He says that he did not disregard human life and that the District Court "grossly undervalued" his rehabilitation and community service. Appellant's Br. 21. Both arguments fail.

1. *Disregard for life*. The District Court's finding of disregard for human life was reasonable. Cora fired his gun 11 times into a crowded street in the middle of the day, endangering innocent men, women, and children. By sheer luck, no one was injured or killed. That is far more serious than run-of-the-mill felon-in-possession cases.

It is no excuse that Cora acted in self-defense. He overreacted. Had he fired only a shot or two to defend himself, the District Court noted, his sentence might have been lower. Instead, he fired many shots at men who were running away. As the Court said, that was "insane." App. 55.

2. *Cora's history and characteristics*. The District Court also fairly considered Cora's history and personal characteristics. It weighed his clean record since leaving prison, his work history, his community service, and his strong family and community support. And it rightly credited him for these admirable qualities, rejecting the 60-month sentence sought by the prosecution.

Yet Cora seeks more. Citing *Pepper*, he argues that rehabilitation is "among the most important considerations in the whole sentencing analysis." Appellant's Br. 21 (relying on *Pepper v. United States*, 562 U.S. 476, 492-93 (2011)). But *Pepper* held only that we may not categorically bar districts courts from considering post-sentencing rehabilitation. 562 U.S. at 503-04. That holding is not at issue here.

In short, the District Court considered Cora's crime, his rehabilitation, his support network, and his community service. And it did so reasonably.

**B. Cora has not shown that his sentence creates unwarranted disparities**

The sixth § 3553(a) factor looks at whether Cora's sentence would create any "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Cora argues that his sentence creates such a disparity. But he has not shown that.

To show a disparity, Cora gave the District Court general statistics showing that, in the Third Circuit, upward variances are rare. So he argues that he would not merit an upward variance unless he were "among the very worst offenders." Appellant's Br. 24. And he denies that he is.

But general statistics cannot suffice. We must compare Cora to "defendants with *similar records* who have been found guilty of *similar conduct*." 18 U.S.C. § 3553(a)(6) (emphases added). On its face, Cora's crime is far worse than ordinary felon-in-possession cases. His crime may well be "among the very worst" by felons in possession of firearms. Appellant's Br. 24. It is far from clear that his personal qualities and rehabilitation offset firing 11 shots across the street from an elementary school at 2:30 in the afternoon.

If comparable defendants and crimes exist, Cora must identify them. But he has not. With no basis for comparison, we cannot say that his sentence creates unwarranted disparities. The most we can say is that Cora committed an unusually severe crime and received a higher-than-usual sentence. That sentence is not disparate, but proportionate.

\* \* \* \* \*

We sympathize with Cora. After his first stint in prison, he turned his life around. Now, because of one rash reaction during a fight he did not start, he must go back. But the District Court reviewed and weighed the § 3553(a) factors. So Cora's sentence is substantively reasonable, and we will affirm. Once he gets out, though, we hope that he will resume living the admirable life that he has started.